## A94A2398. PARRIS v. THE STATE.
### (456 SE2d 59)

ANDREWS, Judge.

Parris appeals his conviction of one count[1] of making a false statement to the City of Summerville. OCGA § 16-10-20. Parris' sole contention is that the evidence was legally insufficient.

Parris was a Summerville city council member. Members were allowed by ordinance to collect, before making the trip, reimbursement for expenses as well as lost salary or profits from their businesses for trips made out of town on city business. The ordinance regarding lost profits was proposed by Parris at the June 8, 1992, meeting and passed. At that time, he was the only self-employed councilman, running a water equipment supply business which sold water pipe, meters, hydrants, and valves. After discussion with other council members, it was agreed that the best method for Parris to use in estimating his anticipated business losses was to take the week prior to

---

[1] Parris was charged with five counts, was found not guilty of Count 2, and a mistrial was declared after the jury was unable to reach a verdict on the remaining three counts.

any trip, get all his receipts, divide by 40 to get an hourly rate, and then be compensated for the hours spent out of town on city business.

Parris was scheduled to attend a seminar in Houston County in September 1992. He went to the Summerville city clerk and presented four sequentially numbered invoices reflecting dates from the prior week, September 7 through 14. These were presented as representing his prior week's income. Based on the clerk's computation, Parris was paid $480 for five days of lost profit, as well as the expenses of his trip.

State's Exhibit 7 was invoice # 16115, dated September 14, 1992, showing a sale of pipe and other items to White, Georgia, for $151.60.

Toles, editor of the local newspaper, received one anonymous tip and one report from another city councilman indicating improprieties in the profit reimbursement. He interviewed the persons referred to on the invoices and Parris. He spoke to Charles Comer of the City of White by telephone. Comer was in charge of all purchases for the water system of the city and denied that any purchase had been made September 14. When Toles met with Parris and went through the invoices, Parris told him that Comer had personally come and picked up the items and paid him cash. When told Comer denied it, Parris stated that "I don't care what he says; he paid me cash anyway." Comer testified that purchases were never made with cash, always by check.

When interviewed on October 14, 1992, by the GBI concerning the White incident, Parris told the agent that he had gone to White and personally given Comer a written quote on the materials and then left. He further stated that, the next day, some man he was unable to identify, not Comer, came over to his shop and said he wanted to pick up the materials that "Charles got a quote on." This man also paid in cash. Parris could provide no description of this man.

Later in the investigation, Parris produced Exhibit 13, the purported quote given to Comer. It was dated September 12, 1992. Comer testified he had never seen that document before trial.

At trial, Parris testified that it was Comer's "word against mine, and mine stood because I gave it to him because I put it on paper."

Although there are no cases specifically dealing with sufficiency of the evidence under OCGA § 16-10-20, there are numerous cases which we find persuasive under comparable federal statute 18 USCA § 1001. *United States v. Calhoon*, 859 FSupp. 1496 (M.D. Ga. 1994) (false statements on Medicare reimbursement forms); *United States v. Cannon*, 811 FSupp. 1568 (M.D. Ga. 1993) (false statements regarding compliance with contract specifications on government contracts); see *United States v. Swindall*, 971 F2d 1531 (11th Cir. 1992) (charge under 18 USCA § 1623, false statement to a grand jury).

There being evidence sufficient to convince any rational trier of

fact of the existence of the essential elements of the crime, the judgment is affirmed. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); see *Swindall*, supra; *Calhoon*, supra; *Cannon*, supra.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 28, 1995 —
RECONSIDERATION DENIED MARCH 24, 1995.

*H. Robert Hannah III,* for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney,* for appellee.